Viñas *v.* Aldrey, District Judge.

Application for a Writ of *Certiorari.*

No. 36.—Decided December 20, 1907.

APPEAL—CASES FROM MUNICIPAL COURTS—DISMISSAL.—An order of a district
court dismissing an appeal taken from a judgment of a municipal court, be-
cause the transcript of the record had not been filed within the 10 days next
following the rendition of the judgment appealed from, must be sustained for
the reasons set forth in the opinion in the case of *López Zarate v. Villabaso,*
12 P. R. Reports, p. 52.

ID.—MOTION TO SET ASIDE AN ORDER OF DISMISSAL.—A motion to set aside an
order dismissing an appeal made by a district court is addressed to the dis-
cretion of the court, and unless it is shown that such court abused its discre-
tion in this respect the order overruling the motion must be sustained.

The facts are stated in the opinion.

*Mr. Texidor* for petitioner.

MR. JUSTICE MACLEARY delivered the opinion of the court.

The petition for a writ of *certiorari* was filed in this court on the 19th of November, 1907. The writ was granted on the 29th of the same month, and the case set down for trial. It was heard on the 4th of December. In the documents sent up to this court by the district judge are not included the original papers presented to the municipal court, nor are they neces-sary to this case. The action of the district court complained of consists in the dismissel of the appeal from the municipal court, which was taken to the district court, and the refusal of the judge to review his decision and annul the order of dismissal.

It appears that the judgment of the municipal court was rendered on the 24th of August of the present year. An appeal was taken therefrom to the District Court of San Juan. On the 3d of September following, a motion to dismiss this appeal was filed in the district court on the 15th of October last, and the appeal was dismissed on the 1st of November following. The reason alleged by the district judge for the dismissal of the appeal, was because the transcript of the record had not been received within 10 days after the judgment was rendered in the municipal court. He makes reference in his written opinion to the decision of this court rendered in the case of *José López Zárate* v. *William Villavaso* on the 13th of February, 1907. The cases are entirely similar, and according to the opinion of this court in the case referred to the action of the district judge in the case at bar was justified. It is unnecessary to recapitulate the reasons given by this court for its decision in the case of *López* v. *Villavaso,* nor the discussion of the law applicable to such cases in said opinion. It is sufficient to say that the same meets with our approval.

The only question left then in this case is the refusal of the court to set aside its order of dismissal made on the 1st of November last. The reasons given for the motion to set aside said order, which is erroneously called a motion for reconsideration, are: First, it appears from the motion itself which was made to dismiss, that the respondent was notified and that on the same date appellant's attorney delivered to the secretary of the municipal court his writing of appeal; second, that afterwards he delivered to the secretary the costs pertaining to the district court, but that the official charged with the registering of actions had not received them because they had not been remitted; third, that the delay in sending up the record by the municipal court was due to a mistake of said officer, who in place of applying the deposit to this matter applied it to another appeal; fourth, that the said appeal

is found registered in the books of the district court, where it appears that there has been deposited the sum necessary for the costs, and remitted by the secretary of the municipal court which shows that he has received them.

The motion to set aside the order of dismissal was addressed to the discretion of the district judge, and unless we find that this discretion was abused, his order overruling the motion must stand. But in looking through the record we find that he was bound to dismiss the appeal, in accordance with the decision in the case of *López* v. *Villavaso,* above cited, and that there was no error in the order making such dismissal. The motion to set aside the order of dismissal and to reinstate the appeal was supported merely by the affidavit of one of the lawyers signing the same. The affidavit of the secretary of the municipal court might have been produced also in support of the motion, if it was well founded. The motion itself is very meagre, and its allegations are unsatisfactory. It does not state the amount deposited in the municipal court for costs, nor the date of such deposit, nor the cause of the mistake which is alleged to have been made by the secretary, nor the style of the case or the appeal to which the money was erroneously applied, nor any of the circumstances attending the transaction.

It is difficult to see how the district judge could have granted this motion, or taken any other action than he did in overruling it at once.

There being no error in the order made by the district court, the writ of *certiorari* will be annulled at the costs of the applicant, leaving in force the order complained of, and the district court at liberty to proceed in this case in the same manner as if the writ had never been issued.

*Annulled.*

Chief Justice Quiñones and Justices Hernández and Figueras concurred.

Mr Justice Wolf dissented.

DISSENTING OPINION OF MR. JUSTICE WOLF.

My reasons for dissenting in this case are substantially the same as those given in the case of *José López Zárate* v. *William Villavaso* to which the majority opinion refers. It seems to me a great hardship that an appellant should suffer for the failure of the secretary of the municipal court to remit the record. I think it is incumbent on the appellee, if the secretary of the municipal court failed to do his duty, to take some steps looking to the forwarding of the appeal papers from the municipal court to the district court.